CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Brough
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES M. BATES, et al., | ) |
| | ) Civil Action No. 7:11CV00216 |
| Plaintiffs, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| STRAWBRIDGE STUDIOS, INC., et al., | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

Charles M. Bates and Donna L. Bates (collectively referred to as "the plaintiffs") filed this diversity action for defamation and breach of contract against Strawbridge Studios, Inc. ("Strawbridge") and John Doe, an unknown employee and/or agent of Strawbridge. The case is presently before the court on Strawbridge's motion to dismiss. For the reasons that follow, the motion will be denied.

## Background

The following facts, taken from the plaintiffs' complaint, are accepted as true for purposes of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In August of 2009, the plaintiffs, owners of Sight and Sound Studios, Inc., filed an action for breach of contract in state court against Strawbridge Studios, Inc. ("Strawbridge"). Strawbridge removed the action to this court on diversity grounds, and the parties ultimately negotiated a settlement agreement that resolved their dispute. See Sight and Sound Studios, Inc. v. Strawbridge Studios, Inc., No. 7:09CV00338 (W.D. Va. 2009). The settlement agreement, which was executed on May 12, 2010, includes the following provision: "The parties agree that neither will say, write, publish, broadcast, or in any other way participate in negative or disparaging comments about the other."

On November 10, 2010, Strawbridge received a phone call from Trina LaPrade, who requested the original negative for her daughter's school photograph from the previous year. LaPrade spoke with Strawbridge's customer service representative, who told her that Strawbridge did not have the photograph, but that the plaintiffs might have it, since they were working with Strawbridge during the relevant time. The customer service representative added, however, that the plaintiffs "were not reputable and could not be trusted," and that "things got so bad we had to get involved in a lawsuit." (Compl. at ¶ 7).

After this conversation, LaPrade visited her daughter's high school and repeated the statements made by Strawbridge's customer service representative. LaPrade then inquired as to why the school would deal with people of such negative character.

On May 9, 2011, the plaintiffs filed this diversity action against Strawbridge and its unknown customer service representative, asserting claims of defamation and breach of contract.[*] Strawbridge has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The matter has been fully briefed and is ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When reviewing a claim under this rule, the court must accept all of the allegations in the complaint as true and draw all

---

[*] Prior to filing the instant action, the plaintiffs filed a defamation action against Strawbridge in state court, which was removed to this court on diversity grounds. On May 17, 2011, the court granted Strawbridge's motion to dismiss for failure to state a claim. See Bates v. Strawbridge Studios, Inc., Case No. 7:11CV00033, 2011 U.S. Dist. LEXIS 52442 (W.D. Va. May 17, 2011). During the hearing on that motion, the court advised the parties that the plaintiffs would be permitted to file an amended complaint or a new action. The plaintiffs elected to pursue the latter course and filed the instant action on May 9, 2011. For the reasons explained below, the court concludes that the new complaint contains sufficient allegations to survive a motion to dismiss.

reasonable inferences in favor of the plaintiffs. Id. at 244. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In other words, the factual allegations (taken as true) must 'permit the court to infer more than the mere possibility of misconduct.'" A Soc'y Without a Name, for People without a Home, Millennium Future-Present v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 129 S. Ct. at 1950).

## Discussion

### I.  Defamation

The parties agree that Virginia law applies in this diversity action. To establish a defamation claim under Virginia law, the plaintiffs must first show that the defendant published a false factual statement that concerns and harms the plaintiffs or the plaintiffs' reputation. Hyland v. Raytheon Technical Servs. Co., 670 S.E.2d 746, 750 (Va. 2009). The plaintiffs must also show "that the defendant knew that the statement was false or, believing that the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which the publication was based." Id. "Defamatory statements may include statements made by inference, implication, or insinuation." Id. Defamatory words are actionable per se if they prejudice a person in his or her trade or profession. Fuste v. Riverside Healthcare Ass'n, Inc., 575 S.E.2d 858, 861 (Va. 2003).

In moving to dismiss the plaintiffs' defamation claim, Strawbridge argues that the statements allegedly made by its customer service representative are not actionable, because they are expressions of opinion rather than statements of fact. "Causes of action for defamation have

their basis in state common law but are subject to principles of freedom of speech arising under the First Amendment to the United States Constitution and Article I, Section 12 of the Constitution of Virginia." Yeagle v. Collegiate Times, 497 S.E.2d 136, 137 (Va. 1998). Consequently, "[p]ure expressions of opinion," which do not contain provably false factual connotations, "cannot normally form the basis of an action for defamation." WJLA-TV v. Levin, 564 S.E.2d 383, 392 (Va. 2002). However, the United States Supreme Court "has specifically declined to hold that statements of opinion are categorically excluded as the basis for a common law defamation cause of action." Id. (citing Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-21 (1990). As the Supreme Court observed in Milkovich:

> If a speaker says, "In my opinion John Jones is a liar," he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases the opinion, if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, "In my opinion Jones is a liar," can cause as much damage to reputation as the statement, "Jones is a lair."

Id. at 18-19.

The question of whether a defamatory statement is one of fact or opinion presents a legal question to be decided by the court. Hyland, 670 S.E.2d at 751. "In determining whether a statement is one of fact or opinion, a court may not isolate one portion of the statement at issue from another portion of the statement." Id. Instead, the court must consider the statement as a whole. Id.

Applying these principles, the court is unable to conclude that the statements at issue are pure expressions of opinion that cannot form the basis of an actionable claim for defamation. Taken alone, the statement that the plaintiffs "were not reputable and could not be trusted,"

4

arguably could be considered an expression of opinion. However, given the context in which the statement was made, and the fact that the customer service representative added that "things got so bad [Strawbridge] had to get involved in a lawsuit," the court concludes that the representative's statements could be reasonably understood to imply the existence of defamatory facts. See Baylor v. Comprehensive Pain Mgmt. Ctrs., Case No. 7:09CV00472, 2011 U.S. Dist. LEXIS 37699, at *34-35 (W.D. Va. Apr. 6, 2011) ("The test for determining whether facts that may be actionable defamation have been implied is 'whether a reasonable listener would take [the speaker] to be basing his 'opinion' on knowledge of facts of the sort than can be evaluated in a defamation suit.'") (quoting Robert D. Sack, Sack on Defamation: Libel, Slander, and Related Problems § 4:3:2 (4th Ed. 2010)). Because "[s]tatements clearly implying the existence of facts are actionable as defamation," Swengler v. ITT Corp., 993 F.2d 1063, 1071 (4th Cir. 1993), the court concludes that Strawbridge's first argument is without merit.

To the extent Strawbridge alternatively argues that the defamation claim consists of bare legal conclusions and a formulaic recitation of the necessary elements, the court is unable to agree. While some of the plaintiffs' allegations are arguably conclusory, the court is of the opinion that the complaint, in its entirety, contains sufficient factual content to state a claim for defamation that is plausible on its face. Iqbal, 129 S. Ct. at 1949.

Finally, the court must also reject the argument that the defamation claim is barred by the settlement agreement that the parties reached in the first action. Having reviewed the terms of the agreement, the court is unable to conclude, as a matter of law, that the agreement would preclude the parties from pursuing a claim that arose several months after the agreement was executed. For these reasons, Strawbridge's motion must be denied with respect to the plaintiffs' claim for defamation.

## II. Breach of Contract

Strawbridge also argues that the complaint fails to state a claim for breach of contract. Under Virginia law, "[t]he essential elements of a cause of action for breach of contract are (1) a legal obligation of a defendant to a plaintiff, (2) a violation or breach of that obligation, and (3) a consequential injury or damage to the plaintiff." Hamlet v. Hayes, 641 S.E.2d 115, 118 (Va. 2007).

Upon review of the complaint, the court is constrained to conclude that the plaintiffs have sufficiently stated a claim for breach of contract. As summarized above, the plaintiffs allege that they entered into a settlement agreement with Strawbridge, pursuant to which the parties expressly agreed to refrain from saying anything negative or disparaging about the other. The plaintiffs also allege that the statements made by Strawbridge's agent were in direct conflict with this term of the settlement agreement. Incorporating the allegations contained in paragraphs 1 through 12 of the complaint, the plaintiffs further allege that the violation of the settlement agreement resulted in damage to the plaintiffs' business reputation. Based on the foregoing, the court concludes that the plaintiffs' allegations are sufficient to state a claim for breach of contract and, thus, that the motion must also be denied with respect to this claim.

## Conclusion

For the reasons stated, Strawbridge's motion to dismiss will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 5th day of March, 2012.

*/s/ Glen Conrad*
Chief United States District Judge